GANTT, P. J.
Ejectment for the north half of section 26, township 80, range 13, in Cape Girardeau county. Defendant disclaims as to south half of northeast quarter, which disclaimer plaintiff accepts. As to remainder, the answer is a general denial, and plea of estoppel because plaintiff’s grantor, Cape Girardeau county, had caused the lands to be assessed to defendant’s grantors and had accepted taxes from them. Reply, general denial.
Plaintiffs deduce title through Cape Girardeau county and the defendants through Scott county.
The land is swamp land, and this litigation results from a claim by defendants that prior to the Act of the General Assembly of Missouri, approved February 10, 1865 (Laws 1865, p. 310), the land was in Scott county. It is conceded by all parties that since that act the land in suit lies in Cape Girardeau county.
Plaintiff read in evidence the Act of Congress approved September 28th, 1850, granting to the State of Missouri all “swamp and overflowed lands” within .this State remaining unsold at the time of the passage of the Act, and a patent in pursuance thereof dated August 22, 1856. Act of the General Assembly of Missouri approved February 23 d, 1853 (Laws *606 1852, pp. 108 and 109), donating all swamp lands lying in the counties of Scott, Cape Girardeau and other counties named, to the counties in which they lie.
The act of March 10th, 1869 [Laws 1869, p. 66], authorized the Governor to issue patents to counties and provided that these patents should bQjprimafacie evidence of title in the counties where the lands lie. Patent was issued to Cape Girardeau county, dated November 4th, 1871, and duly recorded in Cape Girardeau county, conveying this land in suit.
Cape Girardeau county by patent conveyed this land to "William J. Alt, March 29, 1875, and the deed was duly recorded. "William J. Alt, by proper deed, September 25, 1895, conveyed the lands to plaintiffs and the deed was recorded. Alt paid the'taxes from date of his patent to time of trial.
On the part of defendant section 48 of chapter 36 of the Missouri statutes of 1845, was introduced to show the boundary of Cape Girardeau county, and section 84 of the same statutes to show the boundaries of Scott county, especially the clause “thence to and following the main channel of the big swamp.” Also a certified copy of the swamp land register of Scott county, of sales of swamp lands, showing a purchase- by, George G. Kimmel of the west half of section 26 including-the northwest quarter of section 26, sued for in this action, on July 17th, 1855, and payment for the same, and that Singleton Kimmel bought the north half of the northeast quarter of section 26, September 16, 1858, and paid for the same. Patent from Scott county to George Kimmel April 27, 1866, and recorded in 1866 and patent to Singleton Kimmel January 6, 1868, recorded January 21, 1898. Deeds from the Kimmels to James M. Fullerton, the defendant. Act of Legislature, November 4, 1857 [Laws of 1857, p. 32], vesting all swamp lands selected in the counties in which they lie. Tax receipts for taxes paid by Fullerton and his grantors to Cape Girardeau county for 1868, 1869, 1871, 1872, and 1883 to 1895, *607 inclusive. Defendant then offered witnesses to prove that the lands in suit are and were in 1853 south of the main channel of the big swamp, to which plaintiffs objected and objection sustained.,
I. The facts essential to a correct understanding of the issues in this case are practically conceded. Since the act of 1865, these lands have been and are now in Cape Girardeau county. _ Defendants have pleaded no equitable defense.
The State patented these lands to Cape Girardeau county and there has never been a conveyance to defendant or his grantors filed and recorded in Cape Girardeau county. They claim under Scott county, but have never filed any of their conveyances in Cape Girardeau county, where the land lies, and has been since 1865.
The patents to defendants by Scott county were not issued until after the lands were without doubt in Cape Girardeau, and yet they have never been recorded in Cape Girardeau, and purported to convey lands in Scott county.
It is perfectly clear they conveyed no legal title whatever to the lands lying in Cape Girardeau county, and their record in Scott county imparted no notice.
On the other hand plaintiffs deduced a perfectly straight legal title from the United States government down to themselves, without any notice of the equitable claims of the defendant, and this being the case it is evident the circuit court correctly decided the legal title must prevail. The judgment is affirmed.
Burgess. J.. concurs; Sherwood. J.. absent